(No. 69400.—

CLARENCE DEIBERT, Appellee, v. BAUER BROTH-
ERS CONSTRUCTION COMPANY, INC., Appellant.

*Opinion filed December 20, 1990.*

Stephen W. Thomson, Curtis L. Blood and Charles C. Compton, of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, P.C., of Edwardsville, for appellant.

Cook, Shevlin, Keefe & Ysursa, Ltd., of Belleville (Bruce N. Cook, of counsel), for appellee.

Bernard P. Reese, Jr., of Reese & Reese, of Rockford, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE CALVO delivered the opinion of the court:

Plaintiff, Clarence Deibert, brought a negligence suit in the circuit court of St. Clair County against defendant, Bauer Brothers Construction Company, Inc. A jury found in favor of plaintiff and assessed damages at $462,000. The jury also found plaintiff 40% responsible for his injuries, thereby reducing his award to $277,200. The appellate court affirmed the judgment. (188 Ill. App. 3d 108.) We granted defendant's petition for leave to appeal (107 Ill. 2d R. 315). The Illinois Trial Lawyers Association (ITLA) filed an *amicus curiae* brief in support of plaintiff.

Plaintiff worked for Fritz Electric Company (Fritz) as an electrician. In September 1981, Fritz was the subcon-

tractor and defendant was the general contractor for a construction project in Belleville, Illinois. On the morning of September 8, plaintiff, while at work on the construction site, walked to and entered a portable bathroom located between two multistory buildings under construction. Plaintiff testified that it had rained the day before and the ground at the construction site was slippery. Plaintiff remained in the bathroom for 10 to 15 minutes. Upon exiting the bathroom, plaintiff stepped down six to eight inches from the bathroom to the ground. Plaintiff looked up to ascertain whether construction materials were being thrown off a balcony above and near the bathroom. As plaintiff was looking upward, he took about two steps from the bathroom before he stepped into one of several tire ruts in the ground. Plaintiff stumbled in the rut and injured his back.

The tires of a Lull, a piece of heavy machinery used by bricklayers to lift or hoist heavy equipment, created the ruts. The rut plaintiff stumbled in was about 4 to 5 inches deep, 8 to 10 inches wide, and was located directly in front of the bathroom. The ruts extended several feet to the right and left of the bathroom.

When plaintiff came out of the bathroom he looked up, not down, because workers had, in the past, thrown plasterboard and other construction materials off the balcony. Plaintiff testified that although workers were not throwing anything off the balcony that day, they had done so in the past. The evidence at trial did not reveal precisely when the workers had last thrown construction materials off the balcony.

Plaintiff did not see any ruts upon entering the bathroom, but he was not certain whether the ruts were present when he entered the bathroom. Plaintiff testified that nothing distracted him as he walked toward the bathroom. Although plaintiff stated he did not hear or

notice any heavy equipment pass by while he was in the bathroom, he also testified that a Lull could have passed by without his noticing it because there was always loud noise at the construction site. Plaintiff stated that if he had watched where he was walking, he would have noticed the ruts when he exited the bathroom. Plaintiff testified the ruts were open and obvious.

Plaintiff has been a construction worker since 1957. He testified that dirt was normally present around construction sites and that ruts were often formed by heavy equipment moving around in the dirt. Plaintiff testified that workers and other individuals have to watch where they are walking to avoid ruts.

In order to succeed on a claim of negligence, a plaintiff must prove: "the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from the breach." (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374.) Defendant contends it had no duty to plaintiff, as a matter of law, under the circumstances. Defendant therefore asserts its motions for directed verdict and judgment notwithstanding the verdict should have been granted.

Illinois has adopted the rules set forth in sections 343 and 343A of the Restatement (Second) of Torts regarding the duty of possessors of land to their invitees. Section 343 provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343, at 215-16 (1965).

*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 145-46, 151; *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 468.

Section 343A provides the following exception to section 343:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Restatement (Second) of Torts §343A(1), at 218 (1965).)

(*Ward*, 136 Ill. 2d at 149-51.) "Known" means "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves." (Restatement (Second) of Torts §343A, comment *b*, at 219 (1965).) "Obvious" denotes that "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts §343A, comment *b*, at 219 (1965).

Comment *f* to the Reporter's Notes to section 343A explains further the duty of the possessor of land as set forth in section 343A:

"There are *** cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

> *Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.* \*\*\* In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. [Citation.] It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." (Emphasis added.) Restatement (Second) of Torts §343A, comment *f*, at 220 (1965).

*Ward*, 136 Ill. 2d at 149-51.

Comment *f* also contains these two examples:

> "2. The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B.
>
> 3. The A Drug Store has a soda fountain on a platform raised six inches above the floor. The condition is visible and quite obvious. B, a customer, discovers the condition when she ascends the platform and sits down on a stool to buy some ice cream. When she has finished, she forgets the condition, misses her step, falls, and is injured. If it is found that this could reasonably be anticipated by A, A is subject to liability to B." Restatement (Second) of Torts §343A, comment *f*, at 220-21 (1965).

See *Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 782.

Defendant contends the rut plaintiff tripped in was obvious and plaintiff was not distracted at the time he left the bathroom. Defendant argues that plaintiff testified the ruts were obvious and he would have seen the ruts if he had watched where he was walking. Defendant also points out that plaintiff admitted he was not dis-

tracted when he entered the bathroom. Defendant contends that the evidence revealed nothing was being thrown off the balcony on the day of plaintiff's accident. Defendant notes that plaintiff did not testify he was distracted as he left the bathroom. Plaintiff merely said he looked up when he exited the bathroom because workers had thrown plasterboard off the balcony in the past. Plaintiff did not testify, defendant argues, that he looked up for his safety. It is defendant's contention that plaintiff was inattentive rather than actually distracted. Defendant, therefore, concludes it owed no duty to plaintiff pursuant to sections 343 and 343A.

Generally, under section 343, as well as under common law, a possessor of land owes its invitees a duty of reasonable care to maintain the premises in a reasonably safe condition. (*Ward*, 136 Ill. 2d at 141, 146.) Section 343A provides that a possessor of land cannot be liable for an invitee's injury if the condition of the land which caused the injury was known or obvious to the invitee. (Restatement (Second) of Torts §343A(1), at 218 (1965).) Section 343A, however, contains an exception: Even if the condition of the land was obvious to the invitee, a possessor of land may be liable if the possessor should have anticipated the harm. (Restatement (Second) of Torts §343A(1), at 218 (1965).) Under comment *f* to section 343A, one instance in which a possessor of land should anticipate such harm is when the possessor has reason to expect the invitee's attention may be distracted so that the invitee would not discover the condition despite its obviousness. Restatement (Second) of Torts §343A, comment *f*, at 220 (1965).

A duty of care arises when the parties stand in such a relationship to one another that the law imposes upon defendant an obligation of reasonable conduct for the benefit of plaintiff. (*Ward*, 136 Ill. 2d at 140.) Whether defendant owes plaintiff a duty of care is a question of

law for determination by the court. (*Ward*, 136 Ill. 2d at 140; *Mieher v. Brown* (1973), 54 Ill. 2d 539, 541.) Factors relevant in determining whether a duty exists include: the foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against the injury, the consequences of placing that burden on the defendant, and the possible seriousness of the injury. (*Ward*, 136 Ill. 2d at 151.) The considerations expressed in sections 343 and 343A should be taken into account when deciding whether the injury was reasonably foreseeable. *Ward*, 136 Ill. 2d at 151.

We agree with the decision of the circuit court and appellate court, and hold that defendant owed plaintiff a duty of care. We conclude that the injury here was reasonably foreseeable. We first note that, according to plaintiff's testimony, the rut, the condition of the land which caused his injury, was obvious. Plaintiff indicated that if he had watched where he was walking, he would have seen the rut when he left the bathroom. There was no evidence that the rut was concealed or hidden in any way. Based on this evidence and the other evidence presented at trial, it is our conclusion that the rut fell within the definition of "obvious" as set forth in comment *b* to section 343A. Contrary to plaintiff's contention, our conclusion does not mean all ruts on construction sites are obvious as a matter of law.

Despite the obviousness of the rut, the evidence at trial supported plaintiff's contention that he became distracted upon exiting the bathroom. Plaintiff testified that he looked up when he left the bathroom because workers had previously thrown construction materials off a balcony located near and above the bathroom. It is reasonable to expect that defendant, as the general contractor on this project, was aware workers had been throwing materials off a balcony on one of two buildings under construction on the site. Plaintiff also testified

that ruts caused by construction machinery were common occurrences at construction sites. It is also reasonable to expect that defendant, as a general contractor, was aware of the presence of ruts on construction sites generally and of the possible presence of ruts on this construction site in particular. Moreover, defendant could be expected to know where the two portable bathrooms on the site were located. It can also be expected that people would frequently walk in the area around the bathrooms. Defendant thus had reason to anticipate that a construction worker exiting the enclosed bathroom, even in the exercise of ordinary care, would be momentarily distracted by the fear of possible falling debris from the balcony overhead, and stumble in a rut he would have otherwise noticed and avoided.

Plaintiff could not look both places: up, to check for the possibility of flying construction materials; and down, to protect himself from tripping in a rut. The rut was only a few feet directly in front of the bathroom, so it was clearly in defendant's path to and from the bathroom. In addition, the bathroom was enclosed, so plaintiff did not know until he left the bathroom whether debris was being tossed off the balcony at that particular time. Defendant also created the hazard which caused the distraction. Had the construction workers not discarded debris off the balcony, thus endangering those below, plaintiff would not have been distracted.

Conditions may exist which, "though seemingly innocuous enough in themselves, indeed present an unreasonable danger under certain circumstances." (*Ward*, 136 Ill. 2d at 152.) The seemingly innocuous ruts, while otherwise not unreasonably dangerous, did present an unreasonable danger when coupled with the threat of falling construction materials from overhead. "The inquiry is whether the defendant should reasonably anticipate injury to those entrants on his premises who are generally

exercising reasonable care for their own safety, but who may reasonably be expected to be distracted, \*\*\* or forgetful of the condition after having momentarily encountered it." (*Ward*, 136 Ill. 2d at 152.) For all of the foregoing reasons, we cannot say, as a matter of law, that defendant should not have reasonably anticipated the distraction and foreseen the injury to plaintiff.

We additionally conclude that the magnitude of the burden of guarding against the injury and the consequences of placing the burden on defendant would be minimal. Defendant contends it could not remove all of the ruts from the construction site. Defendant also contends it could not adequately warn of the ruts because, if plaintiff did not see the ruts, he would not have seen any warning either. There was an absence of any evidence, however, that defendant would suffer an intolerable burden if it had to move the portable bathroom to a location where it would not be near falling debris or to an area where a machine would be less likely to drive in front of it and make ruts only a few feet from the door. Moreover, we note that defendant only needs to exercise reasonable care. Reasonable care does not necessarily mean defendant would have to eliminate all of the ruts on the construction site; defendant may only need to eliminate or prevent those ruts in the area of the bathroom. In addition, contrary to defendant's contention, a warning may fulfill defendant's duty of reasonable care depending on the type of warning used. The burden on defendant to undertake either of these two activities would not be great.

We also find that a person's injuring his or her back from stumbling in a rut about five inches deep is quite likely. Moreover, a back injury can be potentially serious. We, therefore, agree with the circuit court and appellate court, and hold that defendant owed plaintiff a duty of care under the circumstances presented here.

Defendant emphasizes that no materials were being thrown off the balcony the day of plaintiff's accident so plaintiff could not have been distracted; he was merely inattentive. Defendant points out that plaintiff stated he was not distracted when he entered the bathroom. Plaintiff, however, knew materials had been pitched off the balcony in the past. Defendant did not present any evidence that it either had not engaged in or had stopped this practice. No evidence indicated plaintiff knew or should have known that defendant had halted this practice. Plaintiff could only determine whether materials were being hurled off the balcony at the time he exited the bathroom by gazing skyward when he left the bathroom. Even if no materials were being tossed off the balcony when plaintiff entered the bathroom, such action could have resumed by the time plaintiff came out of the bathroom.

Whether defendant breached its duty was a question of fact for resolution by the jury. (See *Ward*, 136 Ill. 2d at 156; *Mieher*, 54 Ill. 2d at 544; *Shaffer*, 140 Ill. App. 3d at 783.) It was for the jury to decide whether defendant failed to exercise reasonable care in protecting plaintiff from harm and whether such failure was the proximate cause of plaintiff's injury. "Whether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact." (*Ward*, 136 Ill. 2d at 156.) Therefore, even though a possessor of land may have a duty to an invitee, the possessor may not be liable to the invitee if the jury finds that the possessor exercised reasonable care.

If defendant in the case at bar had taken *some* precaution, the jury could have found that the precaution fulfilled defendant's duty even though it did not prevent plaintiff's injury. For example, if defendant had told the

workers not to throw debris off the balcony and plaintiff was aware or should have been aware of this action, the jury might have determined defendant had exercised reasonable care. Likewise, reasonable care does not necessarily mean defendant had to eliminate all of the ruts on the construction site. The jury could have found, however, that defendant did not exercise reasonable care because it did not take any action to warn of, prevent the creation of, or eliminate ruts in front of the bathroom— an area where defendant could reasonably expect many of the construction workers to walk. All of these circumstances the jury could take into account. In the case at bar, there is no indication defendant undertook any precautions, and the jury could certainly determine that the condition itself did not serve as adequate notice of the danger.

The obviousness of the danger and plaintiff's own negligence affect whether and to what extent plaintiff is comparatively negligent, not the duty of the possessor of land. (*Ward*, 136 Ill. 2d at 143, 156-57; Restatement (Second) of Torts §343A, comment *f*, at 220 (1965).) Upon finding a defendant liable, the jury must decide what effect, if any, the obviousness of the danger and plaintiff's negligence had on plaintiff's recovery.

In deciding the extent, if any, of plaintiff's own negligence with respect to his injury, the jury could take into account many factors. The jury could take into account plaintiff's experience as a construction worker, his knowledge that ruts were common on construction sites, and how "obvious" the ruts were. Defendant argues that plaintiff was negligent in walking and looking up at the same time. Plaintiff, according to defendant, should have stopped walking before looking up. The jury could certainly consider this factor in deciding plaintiff's negligence. All of these factors, however, do *not* affect defendant's duty of care. We also note that plaintiff only

has to use ordinary care to look out for himself. (See Restatement (Second) of Torts §343A, comment *e*, at 219 (1965).) Thus, our opinion, contrary to plaintiff's contention, does not stand for the proposition that persons who are walking have to look at their feet all the time to assure they do not trip over anything. Again, the question of ordinary care with regard to plaintiff's safety for himself is for the jury to resolve.

The parties raise a dispute about when the ruts were created. Defendant contends the ruts could have been created prior to plaintiff's entry into the bathroom. Because plaintiff testified he did not notice any ruts as he entered the bathroom and was not distracted during his walk to the bathroom, defendant argues that plaintiff was only inattentive, not distracted, when he exited as well as when he entered the bathroom. Thus, according to defendant, plaintiff's inattentiveness caused his injury.

Plaintiff, on the other hand, asserts the ruts were made while he was inside the bathroom. Plaintiff points out he did not notice any ruts when he walked to the bathroom, the evidence revealed this was the first day the Lull was used at the construction site, his trip to the bathroom took place in the morning, he was in the bathroom long enough for a Lull to pass by, and the noise on the construction site was loud enough he would not have noticed a machine passing by while he was occupying the bathroom. Consequently, according to plaintiff, he did not know ruts were present just outside the bathroom, and because he looked skyward to discover whether construction materials were falling from overhead, he did not see the ruts.

The ruts created an obvious danger and the threat of falling debris created a distraction. It was the jury's function to decide (1) whether defendant exercised *reasonable* care in protecting plaintiff from harm, and (2) the extent to which plaintiff's negligence caused his in-

jury. Thus, the issue of when the ruts were created has relevance to the questions the jury had to resolve. It was the jury's duty to resolve the factual issue of when the ruts were created.

We also note that under comment *f* to section 343A a defendant is still under a duty to a plaintiff if the defendant has reason to expect the plaintiff's attention may be distracted so that the plaintiff *will forget what he or she has discovered.* (Restatement (Second) of Torts §343A, comment *f*, at 220 (1965).) Thus, even assuming plaintiff saw the ruts as he entered the bathroom, defendant would still have a duty to plaintiff because the distraction could have caused plaintiff to forget what he had discovered when he entered the bathroom. We also do not believe the implication of plaintiff's inattentiveness negated plaintiff's own testimony that a distraction existed.

In the case at bar, the jury found defendant liable. In other words, the jury found that defendant did not exercise reasonable care. The jury also found plaintiff 40% comparatively negligent and reduced plaintiff's award accordingly. After reviewing the case, we cannot say the jury's decision was against the manifest weight of the evidence. *Lawson v. G.D. Searle & Co.* (1976), 64 Ill. 2d 543, 553.

For the reasons given in *Ward*, 136 Ill. 2d at 155-56, and *Shaffer*, 140 Ill. App. 3d at 783-84, we find the decisions in *Genaust*, 62 Ill. 2d 456, *Sepesy v. Archer Daniels Midland Co.* (1981), 97 Ill. App. 3d 868, and *Longnecker v. Illinois Power Co.* (1978), 64 Ill. App. 3d 634, do not dictate a different result. We also find *Dunn v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350, and *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, which defendant cites for support, distinguishable.

In *Briones v. Mobil Oil Corp.* (1986), 150 Ill. App. 3d 41, cited for support by defendant, plaintiff, a fireman,

while fighting a fire at Mobil Oil Corporation's (Mobil) chemical complex in Joliet, sustained injuries when he fell into a hole approximately 15 feet in diameter. The chemical complex was under demolition by an equipment-salvage company. As plaintiff walked into the room where the fire was located, he looked up to see if any fire was present above him. As he was looking up and walking, he fell into the hole. Plaintiff filed a negligence suit against defendants, Mobil and the equipment-salvage company, alleging that defendants failed to warn plaintiff of the presence of holes in the floor. The appellate court found the hole was obvious; therefore, "it was reasonable to expect that the plaintiff would discover the hole, appreciate its dangerousness, and take measures to avoid hurting himself." (*Briones*, 150 Ill. App. 3d at 45.) The appellate court held that defendants had no duty to warn plaintiff of the hole, and thus concluded that the circuit court properly granted summary judgment in defendants' favor.

We find *Briones* distinguishable for two reasons. First, although the appellate court discussed the obvious-danger rule, the court did not discuss whether the distraction exception in section 343A applied. The appellate court failed to acknowledge the existence of this exception, much less decide whether it applied to the facts before the court.

Second, the appellate court also held that defendants had no duty to plaintiff because plaintiff's employer, the fire department, was informed that holes existed in the floor. The appellate court stated that the fire department, therefore, had the duty to warn its employees of the dangerous condition. (*Briones*, 150 Ill. App. 3d at 45.) No similar situation existed in the case at bar.

We find the analysis and holding of *Shaffer* instructive. In *Shaffer*, plaintiff sustained injuries while remodeling a house owned by Gerald Lierly. The work involved

removing the upper structure of a portion of the house and rebuilding it on the existing foundation. A new floor had been built on the existing foundation and a hole, or opening, for a stairwell to the basement had been cut. Plaintiff helped put in the new floor and cut the opening for the stairway. During the erection of the roof, plaintiff assisted in putting trusses, 28 feet in length and weighing over 200 pounds, in place. While moving a truss with the assistance of a co-worker, plaintiff looked upward and toward his co-worker. Plaintiff then suddenly stepped into the uncovered hole and fell to the basement, sustaining his injuries. The jury returned a verdict in favor of plaintiff, but reduced his award after finding him 60% responsible for his own injuries.

After reviewing the requirements set forth by sections 343 and 343A and comment *f*, the appellate court stated:

> "The evidence here indicated that plaintiff knew of the existence of the hole for the stairway, but he was performing a distracting task while working with another to move a heavy and awkward object into place. The task required him to direct his attention to the actions of his co-worker and to the area above rather than to the floor and his feet. Obviously, he would not have intentionally stepped into the hole. *** Lierly[ ] knew that this type of work was to be performed on the floor and had 'reason to expect' that, even if plaintiff and other workers like him knew of the hole, they would be likely to be distracted during the work and step into the hole. Thus, Lierly was under a duty to use reasonable care to protect plaintiff from the dangers of the hole while plaintiff was doing this work.
>
> *** [W]hen an invitee is likely to be distracted, although he is aware of the danger, the duty of the owner or possessor exists as a matter of law. Additionally, a jury question exists, as the jury was instructed, as to whether the owner or possessor has exercised the care required. Based on the given instruction, the jury could

have found that Lierly exercised reasonable care even though he did nothing to cover the hole, or it could have found that a reasonable person would have covered the hole. The jury could not have properly concluded that Lierly had no duty to be careful in regard to plaintiff.

*** The even greater negligence on the part of plaintiff did not negate the evidence of the duty, nor did it bar plaintiff's recovery. Rather, it reduced the amount of the recovery. [Citation.] The court did not err. The judgment should be upheld." *Shaffer*, 140 Ill. App. 3d at 782-83.

As in *Shaffer*, the defendant here had reason to expect that even if the ruts were obvious, plaintiff would likely be distracted by the potential threat of falling construction materials and step into the rut. Therefore, defendant owed a duty to plaintiff and the jury had to decide whether defendant breached that duty, that is, whether defendant exercised reasonable care to protect plaintiff from harm. Plaintiff's own comparative negligence did not negate defendant's duty, rather it reduced the amount of plaintiff's recovery.

Defendant's fear our decision will require possessors of land to insure the safety of their invitees is exaggerated. A business invitee still has "a responsibility for his own safety and must be held to be equally aware of all the obvious and normal hazards incident to the premises as the possessor of the land." (*Genaust*, 62 Ill. 2d at 469.) Comment *e* to section 343A provides:

"In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in do-

ing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them." Restatement (Second) of Torts §343A, comment *e*, at 219 (1965).

In the case at bar, plaintiff had a responsibility for his own safety and should be held to be as aware as defendant of the obvious and normal hazard of ruts on a construction site. A defendant's duty, however, does not end if the defendant had reason to expect that the plaintiff's attention would be distracted so that the plaintiff would not discover what is obvious. Such is the case here. As we have seen, defendant had reason to expect plaintiff's attention would be distracted by the threat of falling debris. Consequently, defendant's duty did not end. The jury then had to determine whether defendant exercised reasonable care to protect plaintiff. Our decision in this case neither enlarges the duty of possessors of land nor diminishes the responsibility of invitees under the law.

ITLA asks us to abolish the obvious-danger rule, the rule wherein a defendant owes no duty to a plaintiff from an obvious danger. ITLA contends the rule should not be available as a complete bar to a plaintiff's cause of action because the rule is incompatible with Illinois' adoption of comparative negligence. ITLA argues that in these types of cases the jury should weigh the defendant's conduct, the obviousness of the danger, and the plaintiff's conduct, apportioning damages between the two parties. This court considered this contention in *Ward* and rejected it. *Ward*, 136 Ill. 2d at 143-45.

We thus affirm the judgment of the appellate court.

*Affirmed.*