**Richard A. KURFESS, Plaintiff,**

v.

**AUSTIN COMPANY, an Ohio corporation, Defendant.**

No. 92 C 1316.

United States District Court, N.D. Illinois, E.D.

Nov. 30, 1993.

Robert M. Foote, Paul G. Krentz, Murphy, Hupp, Foote, Mielke & Kinnally, Aurora, IL, for Richard A. Kurfess.

Richard G. Howser, Richard Harvey Lehman, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, for Austin Co.

William R. Galliani, Galliani & Doell, Ltd., Chicago, IL, for Terstep Co., Inc.

## MEMORANDUM OPINION

GRADY, District Judge.

This diversity case is before the court on defendant Austin Company's ("Austin") motion for summary judgment on Count II of the amended complaint. As explained below, the court grants the motion.

## BACKGROUND

Plaintiff Richard A. Kurfess was injured while employed as a carpenter by Terstep Company, Inc. ("Terstep"), a subcontractor at a post office construction site in Carol Stream, Illinois. It was Kurfess's job to help fabricate and install lookout galleries, or LOG's, which are completely enclosed walkways suspended from the ceiling and used by post office supervisors to observe their workers. In assisting with the installation of the LOG's Kurfess used a scissors lift, a mobile platform raised and lowered by criss-crossing arms. The lift can elevate a worker to a height of approximately thirty feet, and its platform, four feet wide and twelve feet long, is surrounded by a steel railing roughly four feet high.

On August 27, 1991, after using the scissors lift to help install a LOG, Kurfess and his partner brought the lift down to its lowest position, about six feet from the ground, and while still on the platform used the lift as a vehicle to return to the fabrication shop. As the lift passed under a different LOG, which was ten and one half feet from the floor, Kurfess was injured when he was pinned between the LOG and the railing surrounding the lift's platform. At the time of the accident, the lift was travelling at about four to five miles per hour.

Kurfess brought this diversity action against Austin, the general contractor at the post office, for compensatory damages relating to his injuries. (Presumably, he has already filed a workers' compensation claim against his employer.) A few months ago, the court granted summary judgment in favor of Austin on Count I of the amended complaint, which alleged a violation of the Illinois Structural Work Act, 740 ILCS 150 et seq. See Memorandum Opinion of Sept. 27, 1993. The court ruled that Kurfess's injuries were not caused by a violation of the Act.

Austin now moves for summary judgment on Count II, a common law negligence claim. Kurfess alleges that Austin monitored the work of Terstep employees and had the right to stop unsafe work practices but nonetheless failed (1) to prevent plaintiff from using the scissors lift as a vehicle; (2) to train plaintiff how to use the scissors lift; (3) to provide carts for the transportation of people and materials; (4) to warn plaintiff of the location of the LOG's; (5) to provide sufficient lighting throughout the construction site; (6) to develop safety rules; and (7) to supervise plaintiff more closely to ensure safe work practices. Austin argues it is entitled to summary judgment because the LOG under which Kurfess was pinned was open and obvious, and because Kurfess's conduct was the proximate cause of his injuries.

## DISCUSSION

To succeed on his negligence claim, Kurfess must prove the existence of a duty owed to him by Austin, a breach of that duty, and an injury proximately resulting from the breach. *Deibert v. Bauer Bros. Constr. Co.*, 141 Ill.2d 430, 152 Ill.Dec. 552, 554, 566 N.E.2d 239, 241 (1990). Whether or not a duty of care exists is a question of law for the court. *Mason v. Ashland Exploration, Inc.*,

965 F.2d 1421, 1426 (7th Cir.1992). In determining the existence of a duty, the court generally considers whether defendant should have reasonably foreseen plaintiff's injury, the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant. *Ralls v. Village of Glendale Heights,* 233 Ill.App.3d 147, 174 Ill.Dec. 140, 147, 598 N.E.2d 337, 344 (2d Dist.1992).

■ Illinois has adopted the rules set forth in Restatement (Second) of Torts § 343A regarding the duty of care owed by possessors of land, including a general contractor on a construction site, to their invitees, including the employee of a subcontractor. *See Deibert,* 141 Ill.2d 430, 152 Ill.Dec. at 554, 566 N.E.2d at 241. Section 343A(1) provides as follows:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

"Known" means "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves." Restatement (Second) of Torts § 343A cmt. (b). "Obvious" means "both that the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the [invitee], exercising ordinary perception, intelligence, and judgment." *Id.*

■ The court agrees with Austin that, under Restatement (Second) of Torts § 343A, it had no duty to take any action to prevent or warn against accidents involving scissors lifts and the LOG's. The danger created by the LOG's was known and obvious

to Kurfess. *See Lerma v. Rockford Blacktop Constr. Co.,* 247 Ill.App.3d 567, 187 Ill.Dec. 323, 617 N.E.2d 531 (2d Dist.1993) (the owner of a swimming pool is not liable for a child's drowning because the risk is open and obvious). According to his deposition, he knew his scissors lift had limited clearance under the LOG's, and he knew the location of the LOG's because he had assisted in their installation and had driven under them numerous times. Dep. Tr. of Richard A. Kurfess, 11/18/92, at 21–23, 42–45, 77. He also understood the necessity of crouching behind the lift's guard rail in order to avoid contact with the LOG's. *Id.* at 49, 64. Moments before the accident, he crouched to avoid a LOG and knew that he would pass under additional LOG's as he traveled to his workshop. *Id.* at 45. He became pinned under a LOG because he had not been looking in the direction in which he was travelling and therefore had not realized how quickly he had been approaching the LOG. *Id.* at 49, 63–71, 122, 152.[1]

The exception to the known and obvious rule—namely, that the possessor owes plaintiff a duty of care when the possessor should anticipate the harm despite knowledge or the obviousness of the condition giving rise to the accident—does not apply. The exception is based on the following rationale: either the defendant in the exercise of reasonable care should have anticipated that plaintiff would fail to notice the condition or be distracted from it, or plaintiff's reasonable care under the circumstances would not remove the risk in spite of the foreseeable danger. *Ralls,* 233 Ill.App.3d 147, 174 Ill.Dec. at 147, 598 N.E.2d at 344 (citing *Ward v. K mart Corp.,* 136 Ill.2d 132, 140, 143 Ill.Dec. 288, 554 N.E.2d 223 (1990)); Restatement (Second) of Torts § 343A cmt. f.[2] As explained above, however, there is no indication that Austin

---

1. Kurfess's contention that the light at the construction site was inadequate does not create a factual issue as to the openness or obviousness of the risk created by the LOG's. *See Unterreiner v. Volkswagen of America, Inc.,* 8 F.3d 1206, 1208 (7th Cir.1993) (if a "statement is unlikely—to the point of unreliable—then it cannot be used to create a 'genuine issue of material fact' "). Kurfess's own deposition testimony indicates that lighting was not a factor. Moments before the accident, Kurfess saw a LOG and ducked before driving under it. When he became pinned under

another LOG he had not been looking in the direction in which the lift was travelling.

2. Comment (f) to Restatement (Second) of Torts § 343A clarifies the exception to the open and obvious rule where the possessor should have anticipated the harm:

> There are ... cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not

should have expected Kurfess to be distracted from the LOG's, or that Kurfess could not have avoided injury by acting carefully. *See Carroll v. Commonwealth Edison Co.,* 147 Ill.App.3d 909, 101 Ill.Dec. 321, 324, 498 N.E.2d 645, 648 (1st Dist.1986); *Mason,* 965 F.2d at 1426. Where, as here, plaintiff was hired to work in and around a known and obvious condition, was aware of that condition, knew the dangers inherent in his job, and knew how to proceed safely, defendant was entitled to expect that plaintiff would take responsibility to protect himself. *Id.* at 1426–27.

## CONCLUSION

Defendant's motion for summary judgment on Count II of the amended complaint is granted. As this was the only remaining count, the court will enter final judgment in favor of defendant. Defendant's motion to file a third-party complaint seeking contribution from plaintiff's employer and for issuance of summons is denied as moot.

relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, when the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. [Citation.] It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.