No. 2--96--0819

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

RUBY PETERSON,                       )  Appeal from the Circuit Court

                                     )  of Du Page County.

     Plaintiff-Appellant,            )

                                     )  No. 95--L--1238

v.                                   )

                                     )

ALDI, INC.,                          )  Honorable 

                                     )  Edward R. Duncan, Jr.,

     Defendant-Appellee.             )  Judge, Presiding.

_________________________________________________________________

     JUSTICE DOYLE delivered the opinion of the court:

     Plaintiff, Ruby Peterson, brought this action against

defendant, Aldi, Inc., alleging that, as a result of defendant's

negligence, she was injured when she tripped and fell in one of

defendant's grocery stores.  The circuit court of Du Page County

ruled that under section 2 of the Premises Liability Act (Act) (740

ILCS 130/2 (West Supp. 1995)), as amended effective March 9, 1995,

defendant was entitled to summary judgment.  Plaintiff filed a

timely appeal from a subsequent trial court order granting summary

judgment in favor of defendant based on that ruling.  

     On appeal, plaintiff generally contends that the trial court

erred when it granted summary judgment in favor of defendant

because there were genuine issues of material fact that precluded

summary judgment.  Plaintiff argues that a jury could have found

that, under section 2 of the Act:  (1) the condition on defendant's

premises which caused her to trip and fall was not open and

obvious; and (2) even if the condition was open and obvious,

defendant nonetheless owed her a duty of care with respect to the

condition.

                                Background

     At about 4 p.m. on April 5, 1995, plaintiff entered

defendant's grocery store in Villa Park to purchase groceries. 

Plaintiff had previously shopped at the store once or twice. 

Plaintiff pushed a cart in front of her as she entered the store.

     Inside the store, a turnstile directed entrants to the first

of four parallel aisles.  Plaintiff proceeded through the turnstile

and down the first aisle toward the rear of the store.  On the left

side of the first aisle were shelves displaying various items. 

There was contradictory testimony as to whether there were also

shelves displaying items on the right side of the first aisle or

whether, instead, there were wooden pallets placed next to each

other displaying items.  As she went down the first aisle,

plaintiff selected and placed several canned items in her cart.

     Upon reaching the end of the first aisle, plaintiff saw a bin

containing grapefruits.  This bin was about six or seven feet to

her right in the produce section.  The produce section was at the

rear of the store between the second and third aisles.  

     The shape of the grapefruit bin was round or octagonal.  The

grapefruit bin was about three to four feet high and about four to

five feet across.  The bin rested on a square wooden pallet which

was about four inches high.  The bin was about the same width as

the pallet on which it rested.  Other produce was displayed in the

produce section in other bins on other pallets which abutted two

sides of the grapefruit bin pallet.

     The grapefruit bin was positioned more or less in the center

of its pallet.  The edges of the grapefruit bin were therefore

about even with the edges of the pallet at the middle of each side

of the pallet.  Due to the roundish shape of the grapefruit bin,

each of the corners of the pallet it rested on protruded beyond the

edge of the grapefruit bin.  Because other pallets were flush

against two sides of the grapefruit bin pallet, only two sides and

one corner of the grapefruit bin pallet were exposed to persons

walking near the grapefruit bin.

     After seeing the grapefruit bin, plaintiff pushed her cart

over to the grapefruit bin and stopped her cart right next to it. 

Plaintiff turned so that her body faced the grapefruit bin, reached

into the bin, and picked up a grapefruit.  Plaintiff decided she

wanted to look at other grapefruits on the other side of the bin

and put the grapefruit she had picked up back into the bin.  The

grapefruit bin was too wide to reach across.  Plaintiff therefore

began to walk around the grapefruit bin to get to the other side of

the bin.  Leaving her cart, plaintiff turned to her left.  As she

was taking her first step, plaintiff's foot came into contact with

the exposed corner of the grapefruit bin pallet, and plaintiff

tripped and fell seriously injuring herself.

     In her discovery deposition, plaintiff testified that she had

no difficulty seeing as she walked around the store.  Plaintiff

stated that when she got to the end of the first aisle and saw the

grapefruit bin she had no difficulty observing the bin because it

was in "clear view."   

     However, plaintiff testified that she did not see the

grapefruit bin pallet, which she referred to as the "support" or

the "boards," before she tripped and fell on the pallet.  Plaintiff

testified that she saw the pallet for the first time only after she

fell and was sitting on the floor.  After she fell, plaintiff had

no difficulty seeing the pallet which she stated extended out

beyond the bottom of the grapefruit bin "about a foot."  Plaintiff

could not recall if there was anything that blocked her view of the

exposed corner of the grapefruit bin pallet as she approached the

grapefruit bin after first seeing it.  Defendant's attorney asked

plaintiff where she was looking as she took the step when she fell. 

Plaintiff responded, "I had just looked up and just started to turn

to walk.  I didn't even look down."  Plaintiff acknowledged that if

she had looked down, she would have been able to see the exposed

corner of the grapefruit bin pallet. 

     During plaintiff's deposition, the following colloquy occurred

between defendant's attorney and plaintiff:

          "Q.  Do you have any criticism of the display bin that

     was in the Aldi store that afternoon?

          A.   Yes, There was boards that jutted out from

     underneath it that I tripped over.

          Q.   What was improper about those?

          A.   Well, they were right out.  A person could trip over

     them easily like I did if they hadn't noticed them.

          Q.   I take it that those wooden boards were observable

     when you looked at them that afternoon after the accident?

          A.   Yes.

          Q.   So when you did look down or did look at those

     wooden supports, they were open and obvious to you?

          A.   Yes."

     In its motion for summary judgment, defendant contended that

it was entitled to summary judgment based on plaintiff's deposition

testimony.  Defendant asserted that plaintiff's testimony showed

that the exposed corner of the grapefruit bin pallet was open and

obvious or could have reasonably been discovered by plaintiff. 

Defendant maintained that under section 2 of the Act (740 ILCS

130/2 (West Supp. 1995)) it had no duty to warn or otherwise

protect an entrant on its premises, such as plaintiff, from

conditions on the premises that were open and obvious or could

reasonably be expected to be discovered by the entrant.  Defendant

argued that it therefore had no duty to plaintiff, under section 2,

with respect to the exposed corner of the grapefruit bin pallet and

was entitled to summary judgment.

     In her response to defendant's motion for summary judgment,

plaintiff took the position that whether the exposed corner of the

grapefruit bin pallet was open and obvious should be decided by a

jury because a jury could conclude that plaintiff reasonably did

not look at the floor before starting to move to the other side of

the grapefruit bin.  Plaintiff also contended that, even if a jury

found that the exposed corner of the grapefruit bin pallet was open

and obvious, a jury could still conclude that defendant owed a duty

of care to entrants such as plaintiff because it was foreseeable

that they could fail to discover the condition.  For these reasons,

plaintiff argued that the record raised sufficient genuine and

material issues of fact to deny defendant's motion for summary

judgment.

     The trial court granted defendant's motion for summary

judgment, stating that it found that there were no genuine issues

of material fact.  Following a hearing on the matter, the court

based its decision on its determination that under section 2 of the

Act defendant was entitled to summary judgment.

                                 Analysis

     Our supreme court recently set out the principles guiding a

reviewing court in determining whether a trial court properly

granted summary judgment.  The court stated:

          "As in all cases involving summary judgment, we conduct

     a de novo review of the evidence in the record.  (Outboard

     Marine Corp. v. Liberty Mutual Insurance Co. (1992), 154 Ill.

     2d 90, 102.)  Specifically, the court must consider the

     affidavits, depositions, admissions, exhibits, and pleadings

     on file and must construe them strictly against the movant and

     liberally in favor of the non-moving party.  (In re Estate of

     Hoover (1993), 155 Ill. 2d 402, 410-11; Outboard, 154 Ill. 2d

     at 131-32.)  Summary judgment is appropriate when there is no

     genuine issue of material fact and the moving party's right to

     judgment is clear and free from doubt.  (Hoover, 155 Ill. 2d

     at 410; Outboard, 154 Ill. 2d at 102.)  Although summary

     judgment is encouraged to aid the expeditious disposition of

     a lawsuit, it is a drastic means of disposing of litigation. 

     (Hoover, 155 Ill. 2d at 410; Purtill v. Hess (1986), 111 Ill.

     2d 229, 240.)  Therefore, where reasonable persons could draw

     divergent inferences from the undisputed material facts or

     where there is a dispute as to a material fact, summary

     judgment should be denied and the issue decided by the trier

     of fact.  Hoover, 155 Ill. 2d at 411; Pyne v. Witmer (1989),

     129 Ill. 2d 351, 358."  Espinoza v. Elgin, Joliet & Eastern

     Ry. Co., 165 Ill. 2d 107, 113-14 (1995).

     In a negligence action, the plaintiff must establish that the

defendant owed the plaintiff a duty of care, that the defendant

breached that duty, and that the defendant's breach proximately

caused the plaintiff's injuries.  Espinoza, 165 Ill. 2d at 114. 

The existence of a duty is a question of law for the court to

decide.  Espinoza, 165 Ill. 2d at 114.  If the plaintiff fails to

establish an element of the cause of action, including a duty,

summary judgment for the defendant is proper.  Espinoza, 165 Ill.

2d at 114.  A plaintiff is not required to prove his case at the

summary judgment stage; however, to survive a motion for summary

judgment, the nonmoving party must present a factual basis which

would arguably entitle him to a judgment.  Allegro Services, Ltd.

v. Metropolitan Pier & Exposition Authority, 172 Ill. 2d 243, 256

(1996).  

     On appeal, plaintiff essentially contends that the trial court

misconstrued or misapplied section 2 of the Act when the court

determined that under section 2 defendant was entitled to summary

judgment.  The general issue raised by plaintiff's appeal is

whether under section 2 defendant had a duty to warn or otherwise

take reasonable steps to protect plaintiff from the condition on

its premises of the exposed corner of the grapefruit bin pallet.

     Section 2 of the Act provides, in relevant part, as follows:

          "§2.  The distinction under the common law between

     invitees and licensees as to the duty owed by an owner or

     occupier of any premises to such entrants is abolished.  

          The duty owed to such entrants is that of reasonable care

     under the circumstances regarding the state of the premises or

     acts done or omitted on them.  The duty of reasonable care

     under the circumstances which an owner or occupier of land

     owes to such entrants does not include any of the following:

     a duty to warn of or otherwise take reasonable steps to

     protect such entrants from conditions on the premises that are

     known to the entrant, are open and obvious, or can reasonably

     be expected to be discovered by the entrant ***."  740 ILCS

     130/2 (West Supp. 1995).

     The parties first dispute the meaning of the words "open and

obvious" in section 2 of the Act.  Defendant contends that we

should give the words their plain meaning.  Defendant asserts that

the plain meaning of the words, as defined by Black's Law

Dictionary, is "patent, visible and apparent."  Using this

definition, defendant argues that plaintiff's deposition testimony

showed that the exposed corner of the grapefruit bin pallet was

open and obvious to plaintiff and that, under section 2, defendant

therefore had no duty to plaintiff with respect to the exposed

pallet corner.

     Plaintiff responds that we should determine the meaning of the

words "open and obvious" in section 2 by considering Illinois cases

which have decided whether specific conditions were open and

obvious.  Plaintiff contends that the holding of these cases show

that a jury should decide whether the condition was open and

obvious.  Plaintiff asserts that Illinois case law would allow a

jury to decide not only whether a reasonable person in plaintiff's

position had a foreseeable opportunity to observe the exposed

pallet corner, but also, even if the condition were observable,

whether defendant should have anticipated that a reasonable person

in plaintiff's position might not have discovered and appreciated

the exposed pallet corner while moving around the bin.  Plaintiff

maintains that a jury could decide that plaintiff reasonably did

not look down at the floor to discover the exposed pallet corner

before beginning to move to the other side of the grapefruit bin,

and before tripping and falling on the exposed pallet corner. 

Plaintiff argues that we should therefore reverse the trial court

order granting defendant summary judgment because it cannot be said

as a matter of law that the condition that caused plaintiff's

injuries was open and obvious. 

     The fundamental canon of construction in interpreting a

statute is to ascertain and give effect to the intention of the

legislature.  Nottage v. Jeka, 172 Ill. 2d 386, 392 (1996).  The

most reliable indicator of legislative intent is the language of

the statute which is given its plain and ordinary meaning.  Boaden

v. Department of Law Enforcement, 171 Ill. 2d 230, 237 (1996). 

Where the language of the statute is clear and unambiguous, we must

give it effect as written, without reading into it exceptions,

limitations, or conditions that the legislature did not express. 

Garza v. Navistar International Transportation Corp., 172 Ill. 2d

373, 378 (1996).  Courts should not, under the guise of statutory

construction, add requirements or impose limitations that are

inconsistent with the plain meaning of the statute.  Nottage, 172

Ill. 2d at 392.  The construction of the statute is an issue of law

and our review is therefore de novo.  Boaden, 171 Ill. 2d at 237.

     Under these principles, we must give the words "open and

obvious," as used in section 2, their plain and ordinary meaning. 

The word "open," in its usual sense, means, as defendant asserts,

patent, visible, and apparent.  Black's Law Dictionary 1090 (6th

ed. 1990).  The word "obvious" means easily discovered or seen,

readily perceived by the eye, patent, or apparent.  Black's Law

Dictionary 1078 (6th ed. 1990).

     Contrary to plaintiff's position, the cases cited by plaintiff

used definitions of "open and obvious" that are consistent with the

terms' plain meaning.  See, e.g., Ward v. K mart Corp., 136 Ill. 2d

132, 142 (1990) ("obvious" means "apparent" or easily

discoverable); Deibert v. Bauer Brothers Construction Co., 141 Ill.

2d 430, 435 (1990) (adopting definition of "obvious" used in the

Restatement (Second) of Torts §343A, Comment b, at 219 (1965),

i.e., "both the condition and the risk are apparent to and would be

recognized by a reasonable [person], in the position of the

visitor, exercising ordinary perception, intelligence, and

judgment").  Thus, plaintiff's assertion that these cases somehow

broaden the definition of "open and obvious" beyond its plain

meaning is unconvincing.

     Applying the plain meaning of the words "open and obvious," as

used in section 2 of the Act, shows that the exposed corner of the

grapefruit bin pallet was open and obvious to plaintiff. 

Plaintiff's deposition testimony showed that, when she got to the

end of the first aisle in defendant's store, she had a clear view

of the grapefruit bin which was about six or seven feet away. 

Although plaintiff testified that she did not see the pallet that

supported the grapefruit bin until after she fell over its exposed

corner, nothing indicates that plaintiff's view of the pallet was

obscured or that the pallet was concealed or hidden.  Rather,

plaintiff's own testimony indicated that if she had looked down she

would have been able readily to see the exposed pallet corner.

     Following the same reasoning, the court determined, in

Deibert, that tire ruts left in the ground by construction

equipment which caused the plaintiff in that case to trip and fall

were open and obvious.  The court based its determination on (1)

the plaintiff's testimony that if he had watched where he was

walking he could have seen the rut, and (2) the lack of evidence

that the rut was concealed in any way.  Deibert, 141 Ill. 2d at

438.

     Plaintiff next takes the position that the part of the

Restatement (Second) of Torts definition of open and obvious

requiring that a reasonable person be able to recognize the risk

associated with the condition in question introduces an element

into the definition which is somehow a jury question.  Plaintiff

reasons that, unlike the generally recognized risks associated with

open and obvious conditions, such as a body of water or fire, an

unknown and unanticipated condition like the exposed pallet corner

cannot be said to be open and obvious as a matter of law.

     We disagree.  Nothing in plaintiff's testimony suggests that

if she had looked down and seen the exposed pallet corner she would

not have recognized that she could trip over the pallet corner

unless she avoided it.

     Plaintiff next contends that, even if a condition is deemed

open and obvious, that does not end the inquiry as to whether a

defendant owed a plaintiff a duty to warn against or otherwise

protect the plaintiff from the condition.  In support of this

contention, plaintiff relies on three supreme court cases that

address this issue.  

     In the first of these cases, Ward v. K mart Corp., 136 Ill. 2d

132 (1990), the plaintiff was injured when he walked into a five-

foot-tall post near the door through which he was exiting a store

carrying a large mirror that he had purchased in the store. 136

Ill. 2d at 135.  The court recognized that the post was obvious and

not hidden and noted that the plaintiff admitted that he was at

least subconsciously aware of the presence of the post.  136 Ill.

2d at 152-53.  

     However, the court concluded that the "open and obvious rule"

(no duty to protect entrants on premises from obvious conditions)

was not a per se rule.  136 Ill. 2d at 147.  Rather, the court held

that in such cases courts must inquire further as to whether a

defendant landowner or occupier should have reasonably anticipated

that entrants on the premises might be injured by obvious

conditions if they were reasonably distracted or forgetful of the

condition.  136 Ill. 2d at 152.  The court then applied this

approach and determined that the defendant storeowner in Ward

should have foreseen that a customer would collide with a post near

a store entrance while carrying merchandise from the store because

a customer could momentarily forget the presence of the post.  136

Ill. 2d at 153-54.  The court concluded that, even though the post

in Ward was obvious, the defendant had a duty to warn the plaintiff

against or otherwise protect the plaintiff from the danger of the

post.  136 Ill. 2d at 155-56.

     In Deibert v. Bauer Brothers Construction Co., 141 Ill. 2d 430

(1990), the plaintiff was a construction worker on a construction

site who was injured when he stepped out of a portable toilet and

stumbled on a tire rut in the ground outside the toilet.  141 Ill.

2d at 433.  The plaintiff testified that when he came out of the

toilet he looked up, not down, because workers had previously

thrown construction materials off of a balcony located near and

above the toilet.  141 Ill. 2d at 433.  

     As noted above, the court determined that the rut that caused

the plaintiff's injury was obvious.  141 Ill. 2d at 438.  Citing

Ward, the Deibert court then concluded that the defendant general

contractor nonetheless owed the plaintiff a duty of care with

respect to the ruts because the contractor could have reasonably

anticipated that a person in plaintiff's position, exercising

reasonable care for his own safety, could have been distracted by

the fear of possibly falling debris and stumbled in the rut which

he otherwise would have noted and avoided.  141 Ill. 2d at 439-40.

     In American National Bank & Trust Co. v. National Advertising

Co., 149 Ill. 2d 14 (1992), the plaintiff's decedent (the

plaintiff) was electrocuted when he contacted a high-voltage power

line while standing or walking on a walkrail on a billboard he was

painting.  The billboard was leased to the defendant.  149 Ill. 2d

at 17-18.  A negligence count in the complaint alleged that the

defendant breached its duty of care by placing the walkrail on the

billboard too close to the power line.  149 Ill. 2d at 25.  The

defendant responded that it had no duty to warn of the presence of

the power line because it was an open and obvious danger.

     The court noted that there was conflicting testimony as to

whether the danger was open and obvious and therefore concluded

that the question should have been determined by the fact finder. 

149 Ill. 2d at 27.  However, citing Ward and Deibert, the court

determined that, even if the danger was open and obvious, the

defendant owed the plaintiff a duty of care because the defendant

should have foreseen that a worker in the plaintiff's position

would have to watch his footing when negotiating the walkrail and

could not simultaneously look down at his feet and up at the nearby

power line.  149 Ill. 2d at 28-29.

     Plaintiff argues that these cases stand for the proposition

that merely determining that a dangerous condition on a premises is

open and obvious does not end the inquiry as to whether the

landowner or occupier owes a duty of care to invitees or licensees

on the premises with respect to the condition.  We agree that Ward,

Deibert, and American National Bank stand for that proposition.  

     Plaintiff next contends that section 2 of the Act does not

limit the holdings of these cases.  In plaintiff's view, section 2

specifically excludes a duty to warn or otherwise protect entrants

against only known conditions, open and obvious conditions, and

conditions which an entrant can reasonably be expected to discover. 

Plaintiff's reading of section 2 does not exclude a duty to warn

against or otherwise remedy a condition that a landowner can

foresee an entrant might overlook.  Plaintiff argues that nothing

in section 2 requires inserting such an exclusion.

     Defendant asserts the contrary position that the plain

language of section 2 effectively forecloses any inquiry relating

to the special foreseeability of danger factors which the supreme

court in Ward, Deibert, and American National Bank considered in

allowing the plaintiffs to seek recovery even in the face of open

and obvious conditions.  Were we to adopt defendant's

interpretation of section 2, we would conclude without further

analysis that the trial court correctly entered summary judgment

because, as a matter of law, the condition of the grapefruit bin

pallet must be regarded as open and obvious.

     However, under the present facts, we deem it unnecessary to

reach defendant's contention that, under section 2, a determination

of an open and obvious condition obviates further analysis because

we conclude that, even if Ward, Deibert, and American National Bank

were applicable to this case, plaintiff has failed to show that

defendant owed her a duty of care with respect to the exposed

pallet corner.  

     Relying on the principles established in those cases,

plaintiff contends that a jury must be allowed to decide whether

defendant should have foreseen that plaintiff would not discover

the exposed grapefruit bin pallet corner in time to avoid injury. 

Plaintiff asserts that the record shows that defendant chose to

display grapefruit in a round bin resting on a pallet with an

exposed corner which extended into the area a customer would

normally and naturally move along to get to the other side of the

bin; defendant was aware the grapefruit bin was too wide to reach

across to examine grapefruit on the other side of the bin; and

defendant knew customers would be pushing carts in front of them as

they served themselves from the various displays in the store. 

Plaintiff argues that, under these circumstances, a jury could

decide that defendant should have reasonably foreseen that a

customer in plaintiff's position would not look down to check for

exposed pallet corners before moving along the edge of the

grapefruit bin to reach the fruit on the other side of the bin.

     We disagree.  Plaintiff has not pointed to anything in the

record showing that the exposed pallet corner was concealed or

obscured.  Furthermore, plaintiff has not pointed to anything in

the record indicating that she did not see the exposed pallet

corner, before she tripped and fell over it, because she was

distracted by something or forgetful of something.  Plaintiff

testified in her deposition that she simply did not look down

before she started to walk around the grapefruit bin.  Plaintiff

did not specify why she did not look down before moving around the

bin.  Thus, even if plaintiff is correct that the principles of

Ward, Deibert, and American National Bank are still viable, those

principles do not require us to impose a duty on defendant in this

case because circumstances analogous to those cases, such as

foreseeable distraction or forgetfulness, are not present here.

     Because defendant did not owe plaintiff a duty of care with

respect to the pallet corner, defendant was entitled to summary

judgment.

     Based on the foregoing, the judgment of the circuit court of

Du Page County is affirmed.

     Affirmed.

     GEIGER, P.J., concurs.

     JUSTICE RATHJE, dissenting:

     I respectfully dissent.  In effect, the majority proceeds

under the assumption that Ward v. K mart Corp., 136 Ill. 2d 132

(1990), and its progeny are still good law, and I shall do the

same.

     The Ward court stated in relevant part:

          "Our holding does not impose on defendant the impossible

     burden of rendering its premises injury-proof.  Defendant can

     still expect that its customers will exercise reasonable care

     for their own safety.  We merely recognize that there may be

     certain conditions which, although they may be loosely

     characterized as 'known' or 'obvious' to customers, may not in

     themselves satisfy defendant's duty of reasonable care.  If

     the defendant may reasonably be expected to anticipate that

     even those customers in the general exercise of ordinary care

     will fail to avoid the risk because they are distracted or

     momentarily forgetful, then his duty may extend to the risk

     posed by the condition.  Whether in fact the condition itself

     served as adequate notice of its presence or whether

     additional precautions were required to satisfy the

     defendant's duty are questions properly left to the trier of

     fact.  The trier of fact may also consider whether the

     plaintiff was in fact guilty of negligence contributing in

     whole or in part to his injury, and adjust the verdict

     accordingly."  (Emphasis added.)  Ward, 136 Ill. 2d at 156-57.

     The majority mistakenly concludes that plaintiff's deposition

testimony precludes plaintiff's cause of action from going forward. 

The fact that she did not precisely state, "My attention was

distracted by the grapefruit in the bin," is not dispositive. 

     Plaintiff testified that she pushed her shopping cart over to

the self-service bin of grapefruit.  She reached down to pick up a

grapefruit, which, after inspecting it, she put back.  The bin was

too wide to reach across, and she was interested in looking at the

grapefruit on the other side.  So she went to her left to walk

around the bin.  As she did, she tripped over the exposed corner of

the pallet and fell.  Her testimony indicates that she was likely

behaving as shoppers typically do, i.e., she was intent upon the

object(s) of her interest.

     Displays of goods, such as the grapefruit in the bin, have

been viewed as distractions possibly requiring precautions.

     As the Ward court stated:

          "A rule more consistent with an owner's or occupier's

     general duty of reasonable care, however, recognizes that the

     'obviousness' of a condition or the fact that the injured

     party may have been in some sense 'aware' of it may not always

     serve as adequate warning of the condition and of the

     consequences of encountering it.  It is stated in Prosser &

     Keeton on Torts:

          '[I]n any case where the occupier as a reasonable person

          should anticipate an unreasonable risk of harm to the

          invitee notwithstanding his knowledge, warning, or the

          obvious nature of the condition, something more in the

          way of precautions may be required.  This is true, for

          example, where there is reason to expect that the

          invitee's attention will be distracted, as by goods on

          display ***."  (Emphasis added.)  Ward, 136 Ill. 2d at

          148-49.

     In this instance, the questions of whether the exposed pallet

corner served as adequate notice of its presence or whether

additional precautions were necessary to satisfy defendant's duty

of reasonable care should be decided by the trier of fact.