RUBY PETERSON, Plaintiff-Appellant, v. ALDI, INC., Defendant-Appellee.

Second District   No. 2—96—0819

Opinion filed May 13, 1997.

58

RATHJE, J., dissenting.

Paul B. Episcope and Lynne Plum Duffey, both of Paul B. Episcope, Ltd., of Chicago, for appellant.

Brian P. Shaughnessy and Michael A. Airdo, both of Cremer, Kopon, Shaughnessy & Spina, of Chicago, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, Ruby Peterson, brought this action against defendant, Aldi, Inc., alleging that, as a result of defendant's negligence, she was injured when she tripped and fell in one of defendant's grocery stores. The circuit court of Du Page County ruled that under section 2 of the Premises Liability Act (Act) (740 ILCS 130/2 (West Supp. 1995)), as amended effective March 9, 1995, defendant was entitled to summary judgment. Plaintiff filed a timely appeal from a subsequent trial court order granting summary judgment in favor of defendant based on that ruling.

On appeal, plaintiff generally contends that the trial court erred when it granted summary judgment in favor of defendant because there were genuine issues of material fact that precluded summary judgment. Plaintiff argues that a jury could have found that, under section 2 of the Act: (1) the condition on defendant's premises that caused her to trip and fall was not open and obvious; and (2) even if the condition was open and obvious, defendant nonetheless owed her a duty of care with respect to the condition.

## Background

At about 4 p.m. on April 5, 1995, plaintiff entered defendant's grocery store in Villa Park to purchase groceries. Plaintiff had previously shopped at the store once or twice. Plaintiff pushed a cart in front of her as she entered the store.

Inside the store, a turnstile directed entrants to the first of four parallel aisles. Plaintiff proceeded through the turnstile and down the first aisle toward the rear of the store. On the left side of the first aisle were shelves displaying various items. There was contradictory testimony as to whether there were also shelves displaying items on the right side of the first aisle or whether, instead, there were wooden pallets placed next to each other displaying items. As she went down the first aisle, plaintiff selected and placed several canned items in her cart.

Upon reaching the end of the first aisle, plaintiff saw a bin containing grapefruits. This bin was about six or seven feet to her right in the produce section. The produce section was at the rear of the store between the second and third aisles.

The shape of the grapefruit bin was round or octagonal. The grapefruit bin was about three to four feet high and about four to five feet across. The bin rested on a square wooden pallet which was about four inches high. The bin was about the same width as the pallet on which it rested. Other produce was displayed in the produce section in other bins on other pallets that abutted two sides of the grapefruit bin pallet.

The grapefruit bin was positioned more or less in the center of its pallet. The edges of the grapefruit bin were therefore about even with the edges of the pallet at the middle of each side of the pallet. Due to the roundish shape of the grapefruit bin, each of the corners of the pallet it rested on protruded beyond the edge of the grapefruit bin. Because other pallets were flush against two sides of the grapefruit bin pallet, only two sides and one corner of the grapefruit bin pallet were exposed to persons walking near the grapefruit bin.

After seeing the grapefruit bin, plaintiff pushed her cart over to the grapefruit bin and stopped her cart right next to it. Plaintiff turned so that her body faced the grapefruit bin, reached into the bin, and picked up a grapefruit. Plaintiff decided she wanted to look at other grapefruits on the other side of the bin and put the grapefruit she had picked up back into the bin. The grapefruit bin was too wide to reach across. Plaintiff therefore began to walk around the grapefruit bin to get to the other side of the bin. Leaving her cart, plaintiff turned to her left. As she was taking her first step, plaintiff's foot came into contact with the exposed corner of the grapefruit bin pallet, and plaintiff tripped and fell, seriously injuring herself.

In her discovery deposition, plaintiff testified that she had no difficulty seeing as she walked around the store. Plaintiff stated that when she got to the end of the first aisle and saw the grapefruit bin she had no difficulty observing the bin because it was in "clear view."

However, plaintiff testified that she did not see the grapefruit bin pallet, which she referred to as the "support" or the "boards," before

she tripped and fell on the pallet. Plaintiff testified that she saw the pallet for the first time only after she fell and was sitting on the floor. After she fell, plaintiff had no difficulty seeing the pallet, which she stated extended out beyond the bottom of the grapefruit bin "about a foot." Plaintiff could not recall if there was anything that blocked her view of the exposed corner of the grapefruit bin pallet as she approached the grapefruit bin after first seeing it. Defendant's attorney asked plaintiff where she was looking as she took the step when she fell. Plaintiff responded, "I had just looked up and just started to turn to walk. I didn't even look down." Plaintiff acknowledged that, if she had looked down, she would have been able to see the exposed corner of the grapefruit bin pallet.

During plaintiff's deposition, the following colloquy occurred between defendant's attorney and plaintiff:

"Q. Do you have any criticism of the display bin that was in the Aldi store that afternoon?

A. Yes, There was boards that jutted out from underneath it that I tripped over.

Q. What was improper about those?

A. Well, they were right out. A person could trip over them easily like I did if they hadn't noticed them.

Q. I take it that those wooden boards were observable when you looked at them that afternoon after the accident?

A. Yes.

Q. So when you did look down or did look at those wooden supports, they were open and obvious to you?

A. Yes."

In its motion for summary judgment, defendant contended that it was entitled to summary judgment based on plaintiff's deposition testimony. Defendant asserted that plaintiff's testimony showed that the exposed corner of the grapefruit bin pallet was open and obvious or could have reasonably been discovered by plaintiff. Defendant maintained that under section 2 of the Act (740 ILCS 130/2 (West Supp. 1995)) it had no duty to warn or otherwise protect an entrant on its premises, such as plaintiff, from conditions on the premises that were open and obvious or could reasonably be expected to be discovered by the entrant. Defendant argued that it therefore had no duty to plaintiff, under section 2, with respect to the exposed corner of the grapefruit bin pallet and was entitled to summary judgment.

In her response to defendant's motion for summary judgment, plaintiff took the position that whether the exposed corner of the grapefruit bin pallet was open and obvious should be decided by a jury because a jury could conclude that plaintiff reasonably did not look at the

floor before starting to move to the other side of the grapefruit bin. Plaintiff also contended that, even if a jury found that the exposed corner of the grapefruit bin pallet was open and obvious, a jury could still conclude that defendant owed a duty of care to entrants such as plaintiff because it was foreseeable that they could fail to discover the condition. For these reasons, plaintiff argued that the record raised sufficient genuine and material issues of fact to deny defendant's motion for summary judgment.

The trial court granted defendant's motion for summary judgment, stating that it found that there were no genuine issues of material fact. Following a hearing on the matter, the court based its decision on its determination that under section 2 of the Act defendant was entitled to summary judgment.

## Analysis

■ Our supreme court recently set out the principles guiding a reviewing court in determining whether a trial court properly granted summary judgment. The court stated:

"As in all cases involving summary judgment, we conduct a *de novo* review of the evidence in the record. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102.) Specifically, the court must consider the affidavits, depositions, admissions, exhibits, and pleadings on file and must construe them strictly against the movant and liberally in favor of the nonmoving party. (*In re Estate of Hoover* (1993), 155 Ill. 2d 402, 410-11; *Outboard*, 154 Ill. 2d at 131-32.) Summary judgment is appropriate when there is no genuine issue of material fact and the moving party's right to judgment is clear and free from doubt. (*Hoover*, 155 Ill. 2d at 410; *Outboard*, 154 Ill. 2d at 102.) Although summary judgment is encouraged to aid the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation. (*Hoover*, 155 Ill. 2d at 410; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) Therefore, where reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact. *Hoover*, 155 Ill. 2d at 411; *Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358." *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113-14 (1995).

■ In a negligence action, the plaintiff must establish that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the defendant's breach proximately caused the plaintiff's injuries. *Espinoza*, 165 Ill. 2d at 114. The existence of a duty is a question of law for the court to decide. *Espinoza*, 165 Ill. 2d at 114. If the plaintiff fails to establish an element of the cause of action, in-

cluding a duty, summary judgment for the defendant is proper. *Espinoza*, 165 Ill. 2d at 114. A plaintiff is not required to prove his case at the summary judgment stage; however, to survive a motion for summary judgment, the nonmoving party must present a factual basis that would arguably entitle him to a judgment. *Allegro Services, Ltd. v. Metropolitan Pier & Exposition Authority*, 172 Ill. 2d 243, 256 (1996).

On appeal, plaintiff essentially contends that the trial court misconstrued or misapplied section 2 of the Act when the court determined that under section 2 defendant was entitled to summary judgment. The general issue raised by plaintiff's appeal is whether under section 2 defendant had a duty to warn or otherwise take reasonable steps to protect plaintiff from the condition on its premises of the exposed corner of the grapefruit bin pallet.

■ Section 2 of the Act provides, in relevant part, as follows:

"§ 2. The distinction under the common law between invitees and licensees as to the duty owed by an owner or occupier of any premises to such entrants is abolished.

The duty owed to such entrants is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them. The duty of reasonable care under the circumstances which an owner or occupier of land owes to such entrants does not include any of the following: a duty to warn of or otherwise take reasonable steps to protect such entrants from conditions on the premises that are known to the entrant, are open and obvious, or can reasonably be expected to be discovered by the entrant ***." 740 ILCS 130/2 (West Supp. 1995).

The parties first dispute the meaning of the words "open and obvious" in section 2 of the Act. Defendant contends that we should give the words their plain meaning. Defendant asserts that the plain meaning of the words, as defined by Black's Law Dictionary, is "patent, visible and apparent." Using this definition, defendant argues that plaintiff's deposition testimony showed that the exposed corner of the grapefruit bin pallet was open and obvious to plaintiff and that, under section 2, defendant therefore had no duty to plaintiff with respect to the exposed pallet corner.

Plaintiff responds that we should determine the meaning of the words "open and obvious" in section 2 by considering Illinois cases that have decided whether specific conditions were open and obvious. Plaintiff contends that the holdings of these cases show that a jury should decide whether the condition was open and obvious. Plaintiff asserts that Illinois case law would allow a jury to decide not only whether a reasonable person in plaintiff's position had a foreseeable opportunity to observe the exposed pallet corner, but also, even if the condition were

observable, whether defendant should have anticipated that a reasonable person in plaintiff's position might not have discovered and appreciated the exposed pallet corner while moving around the bin. Plaintiff maintains that a jury could decide that plaintiff reasonably did not look down at the floor to discover the exposed pallet corner before beginning to move to the other side of the grapefruit bin and before tripping and falling on the exposed pallet corner. Plaintiff argues that we should therefore reverse the trial court order granting defendant summary judgment because it cannot be said as a matter of law that the condition that caused plaintiff's injuries was open and obvious.

■The fundamental canon of construction in interpreting a statute is to ascertain and give effect to the intention of the legislature. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). The most reliable indicator of legislative intent is the language of the statute, which is given its plain and ordinary meaning. *Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 237 (1996). Where the language of the statute is clear and unambiguous, we must give it effect as written, without reading into it exceptions, limitations, or conditions that the legislature did not express. *Garza v. Navistar International Transportation Corp.*, 172 Ill. 2d 373, 378 (1996). Courts should not, under the guise of statutory construction, add requirements or impose limitations that are inconsistent with the plain meaning of the statute. *Nottage*, 172 Ill. 2d at 392. The construction of the statute is an issue of law and our review is therefore *de novo*. *Boaden*, 171 Ill. 2d at 237.

■ Under these principles, we must give the words "open and obvious," as used in section 2, their plain and ordinary meaning. The word "open," in its usual sense, means, as defendant asserts, patent, visible, and apparent. Black's Law Dictionary 1090 (6th ed. 1990). The word "obvious" means easily discovered or seen, readily perceived by the eye, patent, or apparent. Black's Law Dictionary 1078 (6th ed. 1990).

Contrary to plaintiff's position, the cases cited by plaintiff used definitions of "open and obvious" that are consistent with the terms' plain meaning. See, *e.g., Ward v. K mart Corp.*, 136 Ill. 2d 132, 142 (1990) ("obvious" means "apparent" or easily discoverable); *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430, 435 (1990) (adopting definition of "obvious" used in the Restatement (Second) of Torts § 343A, Comment *b*, at 219 (1965), *i.e.*, "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment"). Thus, plaintiff's assertion that these cases somehow broaden the definition of "open and obvious" beyond its plain meaning is unconvincing.

■Applying the plain meaning of the words "open and obvious," as

used in section 2 of the Act, shows that the exposed corner of the grapefruit bin pallet was open and obvious to plaintiff. Plaintiff's deposition testimony showed that, when she got to the end of the first aisle in defendant's store, she had a clear view of the grapefruit bin, which was about six or seven feet away. Although plaintiff testified that she did not see the pallet that supported the grapefruit bin until after she fell over its exposed corner, nothing indicates that plaintiff's view of the pallet was obscured or that the pallet was concealed or hidden. Rather, plaintiff's own testimony indicated that if she had looked down she would have been able readily to see the exposed pallet corner.

Following the same reasoning, the court determined, in *Deibert,* that tire ruts left in the ground by construction equipment that caused the plaintiff in that case to trip and fall were open and obvious. The court based its determination on (1) the plaintiff's testimony that if he had watched where he was walking he could have seen the rut, and (2) the lack of evidence that the rut was concealed in any way. *Deibert,* 141 Ill. 2d at 438.

Plaintiff next takes the position that the part of the Restatement (Second) of Torts definition of open and obvious requiring that a reasonable person be able to recognize the risk associated with the condition in question introduces an element into the definition that is somehow a jury question. Plaintiff reasons that, unlike the generally recognized risks associated with open and obvious conditions, such as a body of water or fire, an unknown and unanticipated condition like the exposed pallet corner cannot be said to be open and obvious as a matter of law.

We disagree. Nothing in plaintiff's testimony suggests that if she had looked down and seen the exposed pallet corner she would not have recognized that she could trip over the pallet corner unless she avoided it.

Plaintiff next contends that, even if a condition is deemed open and obvious, that does not end the inquiry as to whether a defendant owed a plaintiff a duty to warn against or otherwise protect the plaintiff from the condition. In support of this contention, plaintiff relies on three supreme court cases that address this issue.

In the first of these cases, *Ward v. K mart Corp.,* 136 Ill. 2d 132 (1990), the plaintiff was injured when he walked into a five-foot-tall post near the door through which he was exiting a store carrying a large mirror that he had purchased in the store. 136 Ill. 2d at 135. The court recognized that the post was obvious and not hidden and noted that the plaintiff admitted that he was at least subconsciously aware of the presence of the post. 136 Ill. 2d at 152-53.

However, the court concluded that the "open and obvious rule" (no duty to protect entrants on premises from obvious conditions) was not

a *per se* rule. 136 Ill. 2d at 147. Rather, the court held that in such cases courts must inquire further as to whether a defendant landowner or occupier should have reasonably anticipated that entrants on the premises might be injured by obvious conditions if they were reasonably distracted or forgetful of the condition. 136 Ill. 2d at 152. The court then applied this approach and determined that the defendant storeowner in *Ward* should have foreseen that a customer would collide with a post near a store entrance while carrying merchandise from the store because a customer could momentarily forget the presence of the post. 136 Ill. 2d at 153-54. The court concluded that, even though the post in *Ward* was obvious, the defendant had a duty to warn the plaintiff against or otherwise protect the plaintiff from the danger of the post. 136 Ill. 2d at 155-56.

In *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430 (1990), the plaintiff was a construction worker on a construction site who was injured when he stepped out of a portable toilet and stumbled on a tire rut in the ground outside the toilet. 141 Ill. 2d at 433. The plaintiff testified that when he came out of the toilet he looked up, not down, because workers had previously thrown construction materials off of a balcony located near and above the toilet. 141 Ill. 2d at 433.

As noted above, the court determined that the rut that caused the plaintiff's injury was obvious. 141 Ill. 2d at 438. Citing *Ward,* the *Deibert* court then concluded that the defendant general contractor nonetheless owed the plaintiff a duty of care with respect to the ruts because the contractor could have reasonably anticipated that a person in plaintiff's position, exercising reasonable care for his own safety, could have been distracted by the fear of possibly falling debris and stumbled in the rut, which he otherwise would have noted and avoided. 141 Ill. 2d at 439-40.

In *American National Bank & Trust Co. v. National Advertising Co.*, 149 Ill. 2d 14 (1992), the plaintiff's decedent (the plaintiff) was electrocuted when he contacted a high-voltage power line while standing or walking on a walkrail on a billboard he was painting. The billboard was leased to the defendant. 149 Ill. 2d at 17-18. A negligence count in the complaint alleged that the defendant breached its duty of care by placing the walkrail on the billboard too close to the power line. 149 Ill. 2d at 25. The defendant responded that it had no duty to warn of the presence of the power line because it was an open and obvious danger.

The court noted that there was conflicting testimony as to whether the danger was open and obvious and therefore concluded that the question should have been determined by the fact finder. 149 Ill. 2d at 27. However, citing *Ward* and *Deibert*, the court determined that, even if the danger was open and obvious, the defendant owed the plaintiff a

duty of care because the defendant should have foreseen that a worker in the plaintiff's position would have to watch his footing when negotiating the walkrail and could not simultaneously look down at his feet and up at the nearby power line. 149 Ill. 2d at 28-29.

Plaintiff argues that these cases stand for the proposition that merely determining that a dangerous condition on a premises is open and obvious does not end the inquiry as to whether the landowner or occupier owes a duty of care to invitees or licensees on the premises with respect to the condition. We agree that *Ward, Deibert*, and *American National Bank* stand for that proposition.

Plaintiff next contends that section 2 of the Act does not limit the holdings of these cases. In plaintiff's view, section 2 specifically excludes a duty to warn or otherwise protect entrants against only known conditions, open and obvious conditions, and conditions that an entrant can reasonably be expected to discover. Plaintiff's reading of section 2 does not exclude a duty to warn against or otherwise remedy a condition that a landowner can foresee an entrant might overlook. Plaintiff argues that nothing in section 2 requires inserting such an exclusion.

Defendant asserts the contrary position that the plain language of section 2 effectively forecloses any inquiry relating to the special foreseeability-of-danger factors that the supreme court in *Ward, Deibert*, and *American National Bank* considered in allowing the plaintiffs to seek recovery even in the face of open and obvious conditions. Were we to adopt defendant's interpretation of section 2, we would conclude without further analysis that the trial court correctly entered summary judgment because, as a matter of law, the condition of the grapefruit bin pallet must be regarded as open and obvious.

However, under the present facts, we deem it unnecessary to reach defendant's contention that, under section 2, a determination of an open and obvious condition obviates further analysis because we conclude that, even if *Ward, Deibert*, and *American National Bank* were applicable to this case, plaintiff has failed to show that defendant owed her a duty of care with respect to the exposed pallet corner.

Relying on the principles established in those cases, plaintiff contends that a jury must be allowed to decide whether defendant should have foreseen that plaintiff would not discover the exposed grapefruit bin pallet corner in time to avoid injury. Plaintiff asserts that the record shows that defendant chose to display grapefruit in a round bin resting on a pallet with an exposed corner which extended into the area a customer would normally and naturally move along to get to the other side of the bin; defendant was aware the grapefruit bin was too. wide to reach across to examine grapefruit on the other side of the bin; and defendant knew customers would be pushing carts in front of them

as they served themselves from the various displays in the store. Plaintiff argues that, under these circumstances, a jury could decide that defendant should have reasonably foreseen that a customer in plaintiff's position would not look down to check for exposed pallet corners before moving along the edge of the grapefruit bin to reach the fruit on the other side of the bin.

We disagree. Plaintiff has not pointed to anything in the record showing that the exposed pallet corner was concealed or obscured. Furthermore, plaintiff has not pointed to anything in the record indicating that she did not see the exposed pallet corner, before she tripped and fell over it, because she was distracted by something or forgetful of something. Plaintiff testified in her deposition that she simply did not look down before she started to walk around the grapefruit bin. Plaintiff did not specify why she did not look down before moving around the bin. Thus, even if plaintiff is correct that the principles of *Ward*, *Deibert*, and *American National Bank* are still viable, those principles do not require us to impose a duty on defendant in this case because circumstances analogous to those cases, such as foreseeable distraction or forgetfulness, are not present here.

Because defendant did not owe plaintiff a duty of care with respect to the pallet corner, defendant was entitled to summary judgment.

Based on the foregoing, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER, P.J., concurs.

JUSTICE RATHJE, dissenting:

I respectfully dissent. In effect, the majority proceeds under the assumption that *Ward v. K mart Corp.*, 136 Ill. 2d 132 (1990), and its progeny are still good law, and I shall do the same.

The *Ward* court stated in relevant part:

"Our holding does not impose on defendant the impossible burden of rendering its premises injury-proof. Defendant can still expect that its customers will exercise reasonable care for their own safety. We merely recognize that there may be certain conditions which, although they may be loosely characterized as 'known' or 'obvious' to customers, may not in themselves satisfy defendant's duty of reasonable care. *If the defendant may reasonably be expected to anticipate that even those customers in the general exercise of ordinary care will fail to avoid the risk because they are distracted or momentarily forgetful, then his duty may*

*extend to the risk posed by the condition.* Whether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact. The trier of fact may also consider whether the plaintiff was in fact guilty of negligence contributing in whole or in part to his injury, and adjust the verdict accordingly." (Emphasis added.) *Ward,* 136 Ill. 2d at 156-57.

The majority mistakenly concludes that plaintiff's deposition testimony precludes plaintiff's cause of action from going forward. The fact that she did not precisely state, "My attention was distracted by the grapefruit in the bin," is not dispositive.

Plaintiff testified that she pushed her shopping cart over to the self-service bin of grapefruit. She reached down to pick up a grapefruit, which, after inspecting it, she put back. The bin was too wide to reach across, and she was interested in looking at the grapefruit on the other side. So she went to her left to walk around the bin. As she did, she tripped over the exposed corner of the pallet and fell. Her testimony indicates that she was likely behaving as shoppers typically do, *i.e.,* she was intent upon the object(s) of her interest.

Displays of goods, such as the grapefruit in the bin, have been viewed as distractions possibly requiring precautions.

As the *Ward* court stated:

"A rule more consistent with an owner's or occupier's general duty of reasonable care, however, recognizes that the 'obviousness' of a condition or the fact that the injured party may have been in some sense 'aware' of it may not always serve as adequate warning of the condition and of the consequences of encountering it. It is stated in Prosser & Keeton on Torts:

'[I]n any case where the occupier as a reasonable person should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. *This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display \*\*\*.*' " (Emphasis added.) *Ward,* 136 Ill. 2d at 148-49, quoting W. Keeton, Prosser & Keeton on Torts § 61, at 427 (5th ed. 1984).

In this instance, the questions of whether the exposed pallet corner served as adequate notice of its presence or whether additional precautions were necessary to satisfy defendant's duty of reasonable care should be decided by the trier of fact.