THIRD DIVISION

May 6, 1998

No. 1-97-1596

JEFF MENOUGH, )

)

Plaintiff-Appellant, )

)

v. ) Appeal from the Circuit

) Court of Cook County.

WOODFIELD GARDENS, )

)

Defendant-Appellee, )

)

and )

)

LASALLE NATIONAL BANK, as Trustee, )

U/T/A dated 8/31/83, Trust ) Honorable Victoria A.

#106823, and LASALLE NATIONAL ) Steward, Judge Presiding.

BANK, as Trustee, U/T/A dated )

10/26/84, Trust #109040, )

)

Defendants. )

JUSTICE GORDON DELIVERED THE OPINION OF THE COURT:

The plaintiff, Jeff Menough, brought this action to recover for injuries he sustained while playing basketball on a basketball court located on the property of the Woodfield Gardens apartment complex.
  The trial court granted summary judgment to Woodfield Gardens, hereinafter referred to as defendant,
(footnote: 1) finding that the hazard which caused plaintiff's injury was open and obvious.  The plaintiff appeals contending that the hazard was not open and obvious as a matter of law and, even if open and obvious, the defendant nonetheless owed him a duty to make its property reasonably safe.  For the reasons discussed below, we reverse and remand.

Summary judgment is appropriate only where the pleadings, affidavits, depositions, admissions, and exhibits show that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005 (West 1996); 
Glass v. Pitler
, 276 Ill. App. 3d 344, 657 N.E.2d 1075 (1995).  In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits in the light most favorable to the nonmoving party.  
E.g.
, 
First State Insurance Co. v. Montgomery Ward & Co.
, 267 Ill. App. 3d 851, 642 N.E.2d 715 (1994).  If fair-minded persons could draw different inferences from the undisputed facts, the issues should be submitted to a jury
 to determine what inference seems most reasonable.  
E.g.
, 
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992); 
Anglin v. Oros
, 257 Ill. App. 3d 213, 628 N.E.2d 873 (1993).  Appellate review of an order granting summary judgment is 
de
 
novo
.  
Soderlund Brothers, Inc. v. Carrier Corp.
, 278 Ill. App. 3d 606, 663 N.E.2d 1 (1995); 
Shull v. Harristown Township
, 223 Ill. App. 3d 819, 585 N.E.2d 1164 (1992).

The undisputed facts showed that the plaintiff, was injured on June 13, 1991 while playing basketball in a lot at the Woodfield Gardens apartment complex in Rolling Meadows, Illinois.  The basketball court at the complex consisted of a single pole anchored inside a concrete-filled tire.  The front half of the tire extended in front of the pole, and the back half of the tire extended behind the pole.  The backboard and net were attached directly to the pole.  The backboard was flush with the pole so that the tire extended to the front of the backboard and within the area of play.

In his deposition, the plaintiff testified that he and Paul Amos accompanied Kevin Pleasant, who was a resident of the apartment complex, as his guests, to the basketball court of the apartment complex to play a "pick-up" game.  For about five minutes, they watched a game in progress and then played the winners of that game.  During the course of play, the plaintiff made a "lay-up shot" at the net.  When his foot came down, it landed on the tire, snapping plaintiff's ankle.  The plaintiff sustained a severe fracture and sprain in that ankle.

The plaintiff testified that he had not played on the basketball court at the Woodfield Gardens apartment complex prior to the date he was injured.  He stated that he first became aware of the tire under the basketball net when he fell on it.  He stated that no one warned him of the danger posed by the tire.  The plaintiff, who was 22 years old at the time of his injury, testified that prior to June 1991 he had played grade school park district basketball, high school league basketball and college intramural basketball.

In its motion for summary judgment, defendant Woodfield Gardens argued that the risk of harm posed by the tire was open and obvious and that, as a result, it owed no duty to the plaintiff to remedy that condition.  It further argued that the "distraction or forgetfulness" exception to the open and obvious doctrine, articulated in 
Ward v. K Mart Corp.
, 136 Ill. 2d 132, 554 N.E.2d 223 (1990) 
and 
Deibert v. Bauer Brothers Construction Co.
, 141 Ill. 2d 430, 438-39, 566 N.E.2d 239, 243 (1990), did not apply under the facts presented.  The plaintiff responded by arguing that the dangerous condition caused by the construction and configuration of the net, backboard and pole was not open and obvious to the plaintiff or to any reasonable person.  The court granted defendant's motion for summary judgment.

Under the Premises Liability Act, an owner or occupier of premises owes a duty of "reasonable care under the circumstances" to entrants who are not trespassers.  Ill. Rev. Stat. 1991, ch. 80, par. 302 now codified at 740 ILCS 130/2 (West 1996).  Whether one person owes another a duty of reasonable care under a particular set of circumstances is an issue of law for the court.  
E.g.
, 
Bucheleres v. Chicago Park District
, 171 Ill. 2d 435, 665 N.E.2d 826 (1996); 
Ward
, 136 Ill. 2d 132, 554 N.E.2d 223.  Under Illinois law, persons who own, occupy or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious.  
Bucheleres
, 171 Ill. 2d at 447-48, 665 N.E.2d at 832.  The law generally assumes that persons who encounter conditions such as fire, height and bodies of water will take care to avoid any danger inherent in such conditions.  
Bucheleres
, 171 Ill. 2d at 448, 665 N.E.2d at 832.  See 
Ward
, 136 Ill. 2d at 148, 554 N.E.2d at 230, stating,

"Certainly a condition may be so blatantly obvious and in such position on the defendant's premises that he could not reasonably be expected to anticipate that people will fail to protect themselves from any danger posed by the condition."

The existence of an open and obvious condition is not a 
per
 
se
 bar to the finding of a legal duty, however.  
Bucheleres
, 171 Ill. 2d at 449, 665 N.E.2d at 833; 
Ward
, 136 Ill. 2d 132, 554 N.E.2d 223.  As stated in section 343A of the Restatement (Second) of Torts, cited with approval by our supreme court in 
Ward
, 136 Ill. 2d at 149-51, 554 N.E.2d at 231-32:

"(1)  A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."  Restatement (Second) of Torts §343A (1965).

According to comment 
f
 to that section, also cited in 
Ward
, 

"
[R]eason to expect harm to visitors from known or obvious dangers may arise 'where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.  * * * In such cases the fact that the danger is known, or is obvious, is important to determining whether the invitee is to be charged with contributory negligence, or assumption of risk.  It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.'  Restatement (Second) of Torts §343A, comment 
f
, at 220 (1965)."  
Ward
, 136 Ill. 2d at 149-50, 554 N.E.2d at 231.

In 
Ward
, the court found that the defendant owed the plaintiff a duty of care despite the fact that the concrete post on the defendant's property was open and obvious.  In reaching this conclusion, the court relied upon section 343A and comment 
f
 thereto of the Restatement (Second) of Torts finding those principles relevant to the issue of foreseeability of the injury.  In that regard the court found:

"[I]t was reasonably foreseeable that a customer would collide with the post while exiting defendant's store carrying merchandise which could obscure view of the post.  * * * It was also reasonably foreseeable that a customer carrying a large item which he had purchased in the store might be distracted and fail to see the post upon exiting through the door."  
Ward
, 136 Ill. 2d at 153-54, 554 N.E.2d at 233.

Accord 
Deibert
, 141 Ill. 2d at 438-39, 566 N.E.2d at 243 (imposing duty of reasonable care upon defendant who should have reasonably anticipated that plaintiff would have been distracted from five-inch rut in ground).  Having found foreseeability of injury, the 
Ward
 court continued its duty analysis by considering the magnitude of the burden on the defendant to exercise reasonable care to protect its customers from the risk of colliding with the post.  The court found that burden to be slight stating that a simple warning may "serve to remove the unreasonableness of the danger posed by the post."  
Ward
, 136 Ill. 2d at 156, 554 N.E.2d at 234.

Returning to the instant case, the plaintiff argues on appeal that the danger of falling on the tire which anchored the pole holding the backboard and net was not open and obvious to the plaintiff or to any reasonable person.  The plaintiff further argues that even if the danger was open and obvious, defendant owed a duty of reasonable care because it should have anticipated that a person playing basketball could injure himself by falling on the tire.  While we disagree with plaintiff's first contention, we agree with plaintiff's second contention that the defendant owed a duty of reasonable care to the plaintiff because it was reasonably foreseeable that the plaintiff would have been distracted and fail to see the tire.

A condition of danger on the land is obvious when "'both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment.'"  
Deibert
, 141 Ill. 2d at 435, 566 N.E.2d at 241, quoting Restatement (Second) of Torts §343A, comment 
b
, at 219 (1965).  The issue of whether a condition is obvious is determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge.  
Deibert
, 141 Ill. 2d at 435, 566 N.E.2d at 241.  
Here, notwithstanding plaintiff's subjective deposition statement that he did not notice the tire until he fell upon it, the pleadings, depositions and exhibits showed that, objectively, the tire surrounding the pole was not hidden or concealed.  It was obvious.  Anyone coming upon the basketball court could see the manner in which the pole and backboard were anchored into the cement placed inside the tire shell.  That person also could see that a portion of the tire extended in front of the pole underneath a part of the net.  See 
Deibert
, 141 Ill. 2d at 438, 566 N.E.2d at 243 (finding rut in ground obvious); 
Ward
, 136 Ill. 2d at 152, 554 N.E.2d at 232 (finding concrete post obvious); 
Peterson v. Aldi, Inc.
, 288 Ill. App. 3d 57, 679 N.E.2d 1291 (1997) (finding grocery store pallet open and obvious).  There was no contradictory testimony from which one could infer that the tire was hidden or concealed.

However, as stated in 
Ward
, the obviousness of the dangerous condition may not relieve the landowner or possessor of land of its duty of reasonable care if the landowner or possessor reasonably could be expected to anticipate that individuals exercising ordinary care will fail to avoid the risk of danger because they are distracted or momentarily forgetful.  Here as in 
Ward
, it was reasonably foreseeable that a basketball player/entrant on the premises could step onto the tire that extended underneath the basketball net immediately after attempting to shoot the basketball into the net.  The defendant offered the basketball pole and backboard as an amenity to its tenants and their guests.  See 
Ward
, 136 Ill. 2d at 154, 554 N.E.2d at 233 (where in discussing foreseeability, the court noted that the defendant invited customers to use the door near the concrete post).  The defendant also would have reason to believe that those individuals engaged in a competitive game of basketball would become distracted while approaching the net with the basketball to score a basket, forgetting the presence of the tire which protruded into the area underneath the net.  See 
Prochnow v. El Paso Golf Club, Inc.
, 253 Ill. App. 3d 387, 625 N.E.2d 769 (1993) (finding duty by golf club to protect patrons from golf balls; reasonably foreseeable that patrons could be distracted by conversation and not anticipate danger of being struck by golf ball).  In addition to the reasonable foreseeability of the injury, the burden upon the defendant of protecting against the danger of injury would have been slight.  The defendant could have removed the tire and cemented the pole directly into the ground.

Contrary to defendant's contention, the case of 
Oropeza v. Board of Education
, 238 Ill. App. 3d 399, 606 N.E.2d 482 (1992), which applied the distraction doctrine to a basketball injury, does not require a different result.  In 
Oropeza
, the plaintiff alleged that he was injured while playing basketball upon property owned by the defendant, a governmental entity.  The plaintiff alleged that the basketball court was in a dangerous condition in that it contained visible trenches that were about one inch deep and four inches wide which caused plaintiff to trip while playing basketball.  The trial court dismissed the plaintiff's complaint for failure to state a cause of action; and that dismissal was affirmed on appeal.  There, because of statutory sovereign immunity, the court found that the defendant could only be liable for conduct that was willful and wanton.  Ill. Rev. Stat. 1987, ch. 85, par. 3-106 now codified at 745 ILCS 10/3-106 (West 1996).  The court therefore held that the distraction doctrine would not suffice to convert what may have been defendant's ordinary negligence into negligence that was willful and wanton.  
Oropeza
, 238 Ill. App. 3d at 401, 606 N.E.2d at 484.  The court did not, however, disavow the fact that the distraction doctrine would be sufficient to impose a duty, the breach of which would subject the defendant to liability under a standard of ordinary negligence.  Here, unlike in 
Oropeza
, the defendant is not a public entity and can be liable for ordinary negligence.

We also distinguish the case of 
Peterson v. Aldi, Inc.
, 288 Ill. App. 3d 57, 679 N.E.2d 1291 (1997), also cited by the defendant.  In that case the plaintiff sought to recover for injuries she suffered when she tripped on a grocery store pallet.  The court affirmed the grant of summary judgment to the defendant finding the pallet to be an open and obvious condition and finding that there was no deposition testimony to suggest that the plaintiff had been distracted.  According to the court, the plaintiff only testified that she "simply did not look down before she started to walk around the grapefruit bin.  Plaintiff did not specify why she did not look down before moving around the bin."  288 Ill. App. 3d at 67, 679 N.E.2d at 1298.
(footnote: 2)
Unlike in 
Peterson
, deposition testimony in the instant case clearly showed that the plaintiff was distracted.  The plaintiff testified that at the time he was injured he was playing  basketball.  He testified that, while engaged in play, he attempted a "lay-up" shot and landed on the tire.  His attention at that time was aimed at scoring a point, the purpose for which the basketball hoop had been installed.  Moreover, we note that summary judgment in 
Peterson
 may well have been warranted by the legislature's 1995 amendment to the Premises Liability Act.  See Pub. Act 89-7, §35, eff. March 9, 1995 (amending 740 ILCS 130/2 (West 1994)).  That amendment added a second paragraph to section 2 of the Premises Liability Act which included the following pertinent language:

"The duty of reasonable care under the circumstances which an owner or occupier of land owes to such entrants does not include any of the following:  a duty to warn of or otherwise take reasonable steps to protect such entrants from conditions on the premises that are known to the entrant, are open and obvious, or can reasonably be expected to be discovered by the entrant; * * *."  740 ILCS 130/2 (West Supp. 1995).

It was made effective to all causes of action accruing on or after March 9, 1995, its effective date.  740 ILCS 130/2 (West Supp. 1995).

The plaintiff in 
Peterson
 was injured on April 5, 1995.  While the defendant relied upon the amendatory act in support of summary judgment, the court declined to reach that assertion, finding instead that foreseeable distraction or forgetfulness was not present under the facts presented.  
Peterson
, 288 Ill. App. 3d at 66-67, 679 N.E.2d at 1297-98.  It would appear that the amendatory act foreclosed any inquiry into the foreseeability-of-danger factors propounded by our supreme court in 
Ward
 and 
Deibert
 and that it would have foreclosed the plaintiff's action in 
Peterson
.  It would not foreclose the action in the instant case since the plaintiff's injury here occurred in 1991, well before the passage of that amendatory act.

Our finding of duty in the instant case does not, however, require summary judgment in favor of the plaintiff.  Questions of fact exist regarding whether the defendant breached its duty and whether the plaintiff was comparatively negligent.  In that regard, we note the following language from 
Ward
:

"Whether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact.  The trier of fact may also consider whether the plaintiff was in fact guilty of negligence contributing in whole or in part to his injury, and adjust the verdict accordingly."  
Ward
, 136 Ill. 2d at 156-57, 554 N.E.2d at 234.

Accord 
Pullia v. Builders Square, Inc.
, 265 Ill. App. 3d 933, 638 N.E.2d 688 (1994) (the obviousness of the danger and plaintiff's own negligence may affect whether and to what extent the plaintiff is comparatively negligent, but they do not affect the duty owed by the possessor of land).  See also 
Duffy v. Midlothian Country Club
, 92 Ill. App. 3d 193, 415 N.E.2d 1099 (1980) (reversing summary judgment to defendant golf club and golf association finding material questions of fact existed as to whether defendants fulfilled their duty to plaintiff and whether defendants' acts or omissions were the proximate cause of plaintiff's injury).

For the foregoing reasons, the judgment of the Circuit Court of Cook County is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

CAHILL and BURKE, JJ., concur.

FOOTNOTES
1:
Defendant LaSalle National Bank, as trustee, had been dismissed from the action prior to the court's ruling on the motion for summary judgement filed by defendant Woodfield Gardens.

2:
With respect to the court's findings on the distraction doctrine, we note the strong dissent of Justice Rathje which found evidence of distraction.  The dissent noted that the plaintiff's testimony

"indicates that she was likely behaving as shoppers typically do, 
i.e.
, she was intent upon the object(s) of her interest.

Displays of goods, such as the grapefruit in the bin, have been viewed as distractions possibly requiring precautions."  
Peterson
, 288 Ill. App. 3d at 68, 679 N.E.2d at 1298-99 (Rathje, J., dissenting).